### AUDITOR GENERAL *v.* NELSON.

1. TAXATION—ACREAGE—NONPREJUDICIAL OMISSION.
   The omission from the assessment roll of the number of acres in rural lands assessed for general taxes does not invalidate the tax, because no prejudice results to the owner. 1 Comp. Laws, § 3922 (1 How. Stat. [2d ·Ed.] § 1870).

2. COSTS—TAXATION—PROSECUTING ATTORNEY—STATUTE.
   Costs in the form of a solicitor's fee were erroneously taxed against the defendant in proceedings for the statutory decree of sale of lands for delinquent taxes (section 66, Act No. 206, Pub. Acts 1893; 1 Comp. Laws, § 3889; 1 How. Stat. [2d Ed.] § 1835).

Appeal from Muskegon; Sullivan, J. Submitted October 12, 1915. (Docket No. 58.) Decided December 21, 1915.

Petition by Oramel B. Fuller, auditor general, against Thomas M. Nelson, and other delinquent taxpayers, for the sale of lands for taxes thereon. From a decree for petitioner, defendant Nelson appeals. Affirmed.

*Cross, Vanderwerp, Foote & Ross,* for appellant.

*Grant Fellows,* Attorney General, and *Harris E. Galpin,* Prosecuting Attorney (*Galpin & Broek,* of counsel), for appellee.

KUHN, J. The auditor general of this State filed his petition in the circuit court of Muskegon county for the sale of certain lands for delinquent taxes for the year 1912, the amount of which, with interest and charges, was $212.58. The contestant and appellant filed his objection to such taxes, giving the following reasons therefor:

(1) Because the assessment roll for the year 1912 does not show the number of acres contained in said parcel of land, said parcel not being included in any town, city, or village lot.

(2) Because it appears, from the excessive valuation placed on said premises upon said roll as compared to other land in the same vicinity, that the supervisor and board of review had an erroneous idea as to the area of said parcel of land.

With reference to the second objection urged, the circuit judge said in his opinion:

"On the hearing it satisfactorily appeared to the court that this parcel of land was not assessed nor valued any higher relatively than the other parcels of land in the same vicinity and on the same assessment roll."

This objection, however, is not urged in this court, and the question that is here presented is whether or not the failure to place the number of acres actually in the parcel, in the column headed "Acres in Each Tract or Parcel," opposite the description in question, should avoid the tax.

Section 99 of the tax law (being section 1870, 1 How. Stat. [2d Ed.]) provides:

"No tax assessed upon any property   *   *   * shall

be held invalid by any court of this State on account of any irregularity in any assessment,  *  *  *  or on account of the property having been assessed without the name of the owner, or in the name of any person other than the owner, or on account of any other irregularity, informality, or omission, or want of any matter of form or substance in any proceeding that does not prejudice the property rights of the person" assessed.

We are of the opinion, as was the learned circuit judge, that the omission of the number of acres in property described accurately on the tax roll does no harm to the property rights of the contestant, and that by virtue of the provisions of the statute above quoted the objection has no merit, and should not affect the validity of the tax.

In determining the question of costs, provided for by section 66 of the general tax law (being section 1835, 1 How. Stat. [2d Ed.]), the court said:

"Inasmuch as the court indicated to Mr. Nelson on the hearing of the case that he thought he should pay his taxes without further delay or contest, and as Mr. Nelson paid no heed to the friendly admonition of the court, and, for other reasons, it seems but equitable that Mr. Nelson should pay the costs of solicitor fee as on a motion, that is, $10, and such amount of costs will be decreed against him."

The general tax law provides that it shall be the duty of the prosecuting attorney to prosecute all such proceedings on the part of the State, and we are therefore of the opinion that it was improper to tax a solicitor's fee, as the prosecuting attorney performs these services under his salary provided for by law, and is therefore not entitled to any additional compensation. It was not therefore a proper element of the costs provided for in the statute. With this modification, the decree of the court below will be affirmed, without costs to either party.

BROOKE, C. J., and PERSON, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.